**ANTHONY E. MCNAMER, OSB #00138**
anthony@mcnamerlaw.com
**DEBORAH E, GUMM, OSB#040646**
deborah@mcnamerlaw.com
MCNAMER AND COMPANY P.C.
1400 SW Fifth Ave., Ste. 300
Portland, Oregon 97201
Telephone: (503) 727-2500
Facsimile: (503) 727-2501

      Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LEONARD D. DUBOFF**, an individual,<br><br>        Plaintiff<br><br>  v.<br><br>**THE UNIVERSITY OF CHICAGO**, an Illinois not-for-profit corporation; **LAWPROSE, INC.**, a Texas corporation; **BRYAN A. GARNER**, an individual | **Case No.**<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT AND TRADEMARK DILUTION**<br><br><br>**DEMAND FOR JURY TRIAL** |

        Defendants.

    Plaintiff Leonard D. DuBoff ("DuBoff") alleges as follows:

**JURISDICTION AND VENUE**

    1.    This is a claim for Trademark Infringement under 15 U.S.C. §§ 1114(1) and 1125(c).

    2.    This Court has federal subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, and supplemental jurisdiction under 28 U.S.C. § 1367.

    3.    Venue and personal jurisdiction are proper in this judicial district under 28 U.S.C. § 1391 in that events giving rise to the controversy occurred in this district, and Defendants are

MCNAMER AND COMPANY P.C.
1400 S.W. Fifth Avenue · Suite 300
Portland, Oregon  97201 · (503) 727-2500

doing business in this district.

## PARTIES

4.      Plaintiff DuBoff is an individual residing in the state of Oregon.

5.      Defendant The University of Chicago ("University") is a not-for-profit corporation organized under the laws of the State of Illinois, having its principal place of business in Chicago, Illinois.

6.      Defendant Bryan A. Garner ("Garner"), an individual, is, on information and belief, a resident of the State of Texas.

7.      Defendant LawProse, Inc. ("LawProse") is a corporation organized under the laws of the State of Texas, having its principal place of business in Dallas, Texas.

8.      Plaintiff is informed and believes, and based thereon alleges, that all Defendants conduct business within the State of Oregon on a regular basis.

## COMMON FACTS

9.      Since at least as early as 1984, DuBoff has continuously used the trademark "(IN PLAIN ENGLISH)" (the "Mark") in interstate commerce in connection with a series of educational legal books.

10.     DuBoff is the sole owner of Federal Registration No. 1,625,132 on the Principal Register for the "(IN PLAIN ENGLISH)" for use in connection with educational legal books, which registration issued on December 30, 2008.

11.     DuBoff is the sole owner of Federal Registration No. 1,402,649 on the Supplemental Register for the "(IN PLAIN ENGLISH)" for use in connection with educational legal books, which registration issued on July 22, 1986.

12.     Numerous educational legal books by DuBoff are marketed and sold under the

MCNAMER AND COMPANY P.C.
1400 S.W. Fifth Avenue · Suite 300
Portland, Oregon  97201 · (503) 727-2500

Mark, including *The Law (in Plain English) for Small Business*, *The Law (in Plain English) for Photographers*, *The Law (in Plain English) for Writer*s, *The Law (in Plain English) for Galleries, The Law (in Plain English) for Crafts, The Law (in Plain English) for Restaurants, High Tech Law (in Plain English)* and *The Law (in Plain English) for Doctors, Dentists and Other Health Professionals*.   Indeed, on information and belief, Defendant University maintains two of DuBoff's books in its collection: *The Law (in Plain English) for Photographers* and *The Law (in Plain English) for Writer*s.

13.     After Plaintiff began using his trademark in interstate commerce, Defendants willfully infringed Plaintiff's trademark by advertising, offering for sale and selling educational legal books in interstate commerce under the title *Legal Writing In Plain English*.

14.     Defendant Garner is the author of the *Legal Writing In Plain English*

15.     LawProse is a company that, on information and belief, is operated by Garner, and markets the *Legal Writing In Plain English* book.

16.     Defendant University is the publisher of the *Legal Writing In Plain English* book.

17.     *Legal Writing In Plain English* is an educational legal book.

18.     Defendants' book *Legal Writing In Plain English* is sold in the same venues as the books in Plaintiff's "IN PLAIN ENGLISH" series, including through online bookstores such as Amazon and Barnes & Noble.

19.     Defendants' book *Legal Writing In Plain English* is also marketed through emails sent by Garner and LawProse, on information and belief, throughout the country, including in Oregon.

20.     Plaintiff and at least one other attorney in Oregon have received unsolicited emails from Garner and LawProse, at least one of which promoted the *Legal Writing In Plain*

MCNAMER AND COMPANY P.C.
1400 S.W. Fifth Avenue · Suite 300
Portland, Oregon  97201 · (503) 727-2500

*English* book, using the infringing "LEGAL WRITING IN PLAIN ENGLISH" mark (the "Infringing Mark").

21.     Plaintiff is informed and believes and thereon alleges that Defendants knew, prior to the date of first use of the "Infringing Mark" that Plaintiff was a prior user of the "IN PLAIN ENGLISH" trademark in connection with educational legal books and that Defendants' Infringing Mark was confusingly similar to Plaintiff's Mark.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement under 15 U.S.C. § 1114(1))

22.     Plaintiff realleges paragraphs 1 through 21 above.

23.     Defendants' conduct as alleged above has caused and will continue to cause confusion, mistake and deception among the consuming public.

24.     By deliberately and willfully infringing and appropriating Plaintiff's federally registered Mark by using a the nearly identical Infringing Mark, Defendants have consciously and deliberately sought to capitalize on the distinctive quality and secondary meaning established by Plaintiff, and have intended to capitalize upon and profit by the consumer confusions they have created.

25.     Plaintiff notified Defendant University in writing that Defendants have infringed Plaintiff's rights in the registered Mark and requested that it cease the infringing activity. However, Defendants have continued to willfully infringe the Mark.

26.     Unless enjoined, Defendants' continued infringement will cause irreparable injury to Plaintiff.  Plaintiff has no adequate remedy at law.

27.     Defendants' conduct as alleged above constitutes trademark infringement in violation of 15 U.S.C. § 1114(1)(a) and (b).

MCNAMER AND COMPANY P.C.
1400 S.W. Fifth Avenue · Suite 300
Portland, Oregon  97201 · (503) 727-2500

28.    Plaintiff believes that he has been harmed by the conduct of Defendants as alleged above.

29.    Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants, their directors, officers, agents, employees, representatives, and all persons acting in concert with them from engaging in any further acts of infringement, under 15 U.S.C. § 1116, including the use of "IN PLAIN ENGLISH" or anything confusingly similar thereto, including but not limited to "IN PLAIN ENGLISH" in connection with educational legal books.

30.    Plaintiff is entitled to have all infringing products and items delivered to the Court and destroyed, pursuant to 15 U.S.C. § 1118.

31.    Plaintiff is further entitled to recover from Defendants his actual damages in an amount to be proven at trial, and any gains, profits, and advantages obtained by Defendants as a result of Defendants' infringement alleged above, in an amount to be proven at trial, pursuant to 15 U.S.C. § 1117(a)(1).  In the alternative, Plaintiff is entitled to statutory damages under 15 U.S.C. § 1117(c).

32.    Plaintiff is further entitled to treble damages pursuant to 15 U.S.C. §1117(a) and/or (b).

33.    Plaintiff is further entitled to his attorneys' fees because the Defendant's acts alleged above constitute an exceptional case under 15 U.S.C. § 1117 (a)(3).

34.    Plaintiff is further entitled to the costs incurred pursuant to 15 U.S.C. § 1117 (a)(3).

## SECOND CLAIM FOR RELIEF

### (Trademark Infringement under 15 U.S.C. § 1125(c))

35.    Plaintiff alleges paragraphs 1 through 34 above.

MCNAMER AND COMPANY P.C.
1400 S.W. Fifth Avenue · Suite 300
Portland, Oregon  97201 · (503) 727-2500

36.     Plaintiff's Mark is a famous mark.

37.     Defendants' unlawful conduct began after Plaintiff's Mark became famous, causing dilution of the distinctive quality of Plaintiff's Mark.

38.     Plaintiff notified Defendant University in writing that Defendants have infringed Plaintiff's rights in the Mark and requested that Defendants cease the infringing activity. However, the Defendants have continued to willfully infringe the trademark.

39.     Defendants' unlawful conduct was willfully intended to trade on Plaintiff's reputation and/or to cause dilution of the Mark.

40.     Unless enjoined, Defendants' continued infringement will cause irreparable injury to Plaintiff.  Plaintiff has no adequate remedy at law.

41.     Defendants' conduct, as alleged above, constitutes a violation of the Federal Anti-Dilution Act at 15 U.S.C. § 1125(c).

42.     Plaintiff believes that he has been harmed by the conduct of Defendants as alleged above.

43.     Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants, their directors, officers, agents, employees, representatives, and all persons acting in concert with them from engaging in any further acts of infringement, under 15 U.S.C. § 1116, including but not limited to the use of the "IN PLAIN ENGLISH", or any similar trademark, in connection with educational legal books.

44.     Plaintiff is entitled to have all infringing products and items delivered to the Court and destroyed, pursuant to 15 U.S.C. § 1118.

45.     Plaintiff is further entitled to recover from Defendants his actual damages in an amount to be proven at trial, and any gains, profits, and advantages obtained by Defendants as a

MCNAMER AND COMPANY P.C.
1400 S.W. Fifth Avenue · Suite 300
Portland, Oregon  97201 · (503) 727-2500

result of Defendants' infringement alleged above, in an amount to be proven at trial, pursuant to 15 U.S.C. § 1117(a).  In the alternative, Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1117(c).

46.    Plaintiff is further entitled to treble damages pursuant to 15 U.S.C. § 1117(a) and/or (b).

47.    Plaintiff is further entitled to its attorneys' fees because the Defendants' acts alleged above constitute an exceptional case under 15 U.S.C. § 1117 (a)(3).

48.    Plaintiff is further entitled to costs pursuant to 15 U.S.C. § 1117 (a)(3).

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.    A preliminary and permanent injunction restraining Defendants, their directors, officers, agents, employees, representatives, and all persons acting in concert with them from engaging in any further acts of infringement (i.e. from making, selling, distributing, or marketing any educational legal books bearing the "IN PLAIN ENGLISH" mark or anything confusingly similar thereto, including but not limited to education legal books bearing the "IN PLAIN ENGLISH" trademark under 15 USC § 1116;

2.    The collection and destruction of all infringing items made, sold, or distributed by Defendants under 15 USC § 1118;

3.    Plaintiff's actual damages in an amount to be proven and Defendants' gains, profits, and advantages obtained as a result of Defendants' conduct alleged above; and costs of the action, all in an amount to be determined at trial.  In the alternative, Plaintiff prays for statutory damages under 15 U.S.C. § 1117(c);

4.    Defendants' gains, profits, and advantages obtained as a result of Defendants' conduct alleged above;

Page 7 – PLAINTIFF'S COMPLAINT

5.      Punitive damages in an amount to be proven at trial;

6.      Treble damages under 15 U.S.C. § 1117(a) and/or (b);

7.      Reasonable attorneys' fees under 15 U.S.C. § 1117(a)(3); and

8.      Such other relief the Court deems just and proper, including prevailing party fees

and costs.

Plaintiff demands a jury trial on all issues.

DATED this 13th day of March, 2013.


**MCNAMER AND COMPANY P.C.**


By s/Anthony E. McNamer
    **Anthony E. McNamer,** OSB #00138
    **Deborah E. Gumm**, OSB#040646
    **MCNAMER AND COMPANY P.C.**
    1400 SW Fifth Avenue, Suite 300
    Portland, Oregon 97201
    Telephone: (503) 727-2500
    Facsimile: (503) 727-2501

    Attorneys for Plaintiff

MCNAMER AND COMPANY P.C.
1400 S.W. Fifth Avenue · Suite 300
Portland, Oregon  97201 · (503) 727-2500