Klaus H. Hamm, OSB No. 091730
klaus.hamm@klarquist.com
KLARUQUIST SPARKMAN, LLP
121 SW Salmon Street, Suite 1600
Portland, OR  97204
Telephone:  (503) 595-5300
Facsimile:  (503) 595-5301

Katherine W. Schill, WSB No. 1025887
kwschill@michaelbest.com
MICHAEL BEST & FRIEDRICH, LLP
100 East Wisconsin Avenue, Suite 3300
Milwaukee, WI  53202
Telephone:  (414) 223-2527
Facsimile:  (414) 277-0656

Attorneys for Defendants


# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION


**LEONARD D. DUBOFF**, an individual,

Plaintiff,

v.

**THE UNIVERSITY OF CHICAGO**,
an Illinois not-for profit corporation;
**LAWPROSE, INC**., a Texas corporation; and
**BRYAN A. GARNER**, an individual;

Defendants.

Case No. 3:13-cv-00436-SI

**DEFENDANTS' ANSWER AND COUNTERCLAIMS**

**DEMAND FOR JURY TRIAL**


Defendants The University of Chicago, LawProse, Inc., and Bryan A. Garner, as and for

their Answer to Plaintiff's Complaint, respond and further allege as follows:


Page 1- DEFENDANTS' ANSWER AND COUNTERCLAIMS

JURISDICTION AND VENUE

1.      Defendants admit that Plaintiff purports to raise a claim for trademark

infringement under the statutes cited but deny that they have infringed any valid trademark.

2.      Defendants admit the allegations in Paragraph 2 of the Complaint.

3.      For purposes of this action only, Defendants consent to venue and personal

jurisdiction in this district, without otherwise admitting or denying the allegations of Paragraph 3

of the Complaint.


PARTIES

4.      Defendants lack information sufficient to form a belief as to the truth of the

allegation of Paragraph 4 of the Complaint and, therefore, deny the same.

5.      Defendants admit the allegations of Paragraph 5 of the Complaint.

6.      Defendants admit the allegations of Paragraph 6 of the Complaint.

7.      Defendants admit the allegations of Paragraph 7 of the Complaint.

8.      As to Defendant LawProse, Defendants admit the allegations of Paragraph 8 of

the Complaint.  As to Defendants University of Chicago and Garner, Defendants deny the

allegations of Paragraph 8 of the Complaint.

COMMON FACTS

9.      Defendants lack information sufficient to form a belief as to the truth of the

allegations of Paragraph 9 of the Complaint, and, therefore, deny the same.

10.      Defendants lack information sufficient to form a belief as to the truth of the

allegations of Paragraph 10 of the Complaint, and, therefore, deny the same.

11.      Defendants lack information sufficient to form a belief as to the truth of the

allegations of Paragraph 11 of the Complaint, and, therefore, deny the same.

12.     Defendants lack information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint, and, therefore, deny the same, except that Defendant University of Chicago admits the allegations of the last sentence of Paragraph 12 of the Complaint.

13.     Defendants deny the allegations of Paragraph 13 of the Complaint.

14.     Defendants admit the allegation of Paragraph 14 of the Complaint.

15.     Defendants admit that Defendant LawProse markets a book entitled *Legal Writing in Plain English*, but deny all remaining allegations of Paragraph 15 of the Complaint.

16.     Defendants admit the allegation of Paragraph 16 of the Complaint.

17.     Defendants admit the allegation of Paragraph 17 of the Complaint.

18.     Defendants lack information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint and, therefore, deny the same.  Defendants further allege that to the extent Plaintiff has a series of books, the titles in the series use the phrase "(IN PLAIN ENGLISH)" always including parentheses and always descriptively.  Defendants deny that Plaintiff has an "IN PLAIN ENGLISH" series of books.

19.     Defendants admit the allegations of Paragraph 19 of the Complaint, except Defendants deny that Defendant Garner sends any emails to market the book.

20.     Defendants lack information sufficient to form a belief as to whether Plaintiff has received an unsolicited email and, therefore, deny that allegation of Paragraph 20 of the Complaint.  Defendants further deny that the book title, *Legal Writing in Plain English*, is an infringing mark.

21.     Defendants deny the allegations of Paragraph 21 of the Complaint.

**FIRST CLAIM FOR RELIEF**
(Trademark Infringement under 15 U.S.C. § 1114(1))

22.    Defendants incorporate by reference the answers to Paragraphs 1-21 above as if fully set forth herein.

23.    Defendants deny the allegations of Paragraph 23 of the Complaint.

24.    Defendants deny the allegations of Paragraph 24 of the complaint.

25.    Defendants admit the allegation in the first sentence of Paragraph 25 of the Complaint, but deny the allegation in the second sentence of Paragraph 25 of the Complaint.

26.    Defendants deny the allegations of Paragraph 26 of the Complaint.

27.    Defendants deny the allegations of Paragraph 27 of the Complaint.

28.    Defendants lack information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint and, therefore, deny the same.

29.    Defendants deny the allegations of Paragraph 29 of the Complaint.

30.    Defendants deny the allegations of Paragraph 30 of the Complaint.

31.    Defendants deny the allegations of Paragraph 31 of the Complaint.

32.    Defendants deny the allegations of Paragraph 32 of the Complaint.

33.    Defendants deny the allegations of Paragraph 33 of the Complaint.

34.    Defendants deny the allegations of Paragraph 34 of the Complaint.

SECOND CLAIM FOR RELIEF
(Trademark Infringement under 15 U.S.C. § 1125(c))

35.    Defendants incorporate by reference their responses to Paragraphs 1-34 above as if fully set forth herein.

36.    Defendants deny the allegations of Paragraph 36 of the Complaint.

37.    Defendants deny the allegations of Paragraph 37 of the Complaint.

38.    Defendants admit the allegation of the first sentence of Paragraph 38 of the Complaint but deny the allegation of the second sentence of Paragraph 38 of the Complaint.

39.    Defendants deny the allegations of Paragraph 39 of the Complaint.

40.    Defendants deny the allegations of Paragraph 40 of the Complaint.

41.    Defendants deny the allegations of Paragraph 41 of the Complaint.

42.    Defendants lack information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint and, therefore, deny the same.

43.    Defendants deny the allegations of Paragraph 43 of the Complaint.

44.    Defendants deny the allegations of Paragraph 44 of the Complaint.

45.    Defendants deny the allegations of Paragraph 45 of the Complaint.

46.    Defendants deny the allegations of Paragraph 46 of the Complaint.

47.    Defendants deny the allegations of Paragraph 47 of the Complaint.

48.    Defendants deny the allegations of Paragraph 48 of the Complaint.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.    The phrase "IN PLAIN ENGLISH" is not a trademark belonging to Plaintiff.

3.    The mark purportedly owned by Plaintiff, "(IN PLAIN ENGLISH)" is merely descriptive or generic and, therefore, not protectable.

4.    The phrase "in plain English" is merely descriptive of, or generic for, material that is presented in clear, straightforward English text.

5.    The allegedly infringing descriptive book title, *Legal Writing in Plain English*, does not function as a trademark.

6.      The use of the descriptive words "Legal Writing in Plain English" for a title of a book on the subject matter of legal writing in plain English is fair use.

7.      The allegedly infringing book title, *Legal Writing in Plain English*, does not create a likelihood of consumer confusion with any valid trademark owned by Plaintiff.

8.      "(IN PLAIN ENGLISH")" is not a "famous" mark within the definition of 15 U.S.C. § 1125(c)(2)(a).

9.      Plaintiff's claims are barred by the doctrines of laches, estoppel, and unclean hands.

10.     Plaintiff has failed to mitigate his damages, if any.


WHEREFORE, Defendants respectfully request that the Court enter judgment in favor of Defendants, as follows:

A.      Dismissing Plaintiff's claims in their entirety, with prejudice;

B.      Declaring this case to be exceptional under 15 U.S.C. §1117(a) and awarding to Defendants their reasonable attorneys' fees;

C.      Ordering Plaintiff to pay to Defendants the fees and costs they incurred as a result of this lawsuit;

D.      Ordering such further relief as this Court deems just.

## COUNTERCLAIM

For their counterclaim, The University of Chicago, LawProse, Inc. and Bryan A. Garner state and allege as follows:

1.      The University of Chicago is an Illinois not-for-profit corporation with its principal place of business in Chicago, Illinois.

2.      LawProse is a Texas corporation with its principal place of business in Dallas, Texas.

3.      Bryan A. Garner is an individual who resides in Texas.

4.      Leonard D. DuBoff is an individual who resides in Oregon.

5.      This Court has subject matter jurisdiction over the counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over DuBoff because DuBoff resides in this District.

7.      Venue is proper in this District under 28 U.S.C. § 1391.

8.      The University of Chicago, LawProse and Garner bring this counterclaim under Section 37 of the federal Lanham Act, 15 U.S.C. § 1119, for cancellation of DuBoff's U.S. Registration Nos. 3,553,125 and 1,402,649 for the (IN PLAIN ENGLISH) mark for educational legal books or, in the alternative, modification of the registrations to enter a disclaimer of any exclusive rights in the phrase "in plain English" apart from the (IN PLAIN ENGLISH) mark.

9.      By his Complaint, DuBoff seeks to enforce exclusive rights in the common phrase "in plain English," when no such rights exist because the phrase is a generic term that describes clear, straightforward language.

10.     The University of Chicago, LawProse and Garner will be damaged by Registration Nos. 3,553,125 and 1,402,649 if these registrations are not cancelled or modified because DuBoff's Complaint alleges that the Defendants' book titled *Legal Writing in Plain English* infringes DuBoff's registrations. Thus, DuBoff is asserting his registrations in an attempt to deprive The University of Chicago, LawProse and Garner of the right to use the phrase "in

plain English" as part of the title of a book that offers information about how to use clear, straightforward language in legal writing.

11.     The phrase "in plain English" appears in the *American Heritage Dictionary of Idioms* and is defined as, "In clear, straightforward language, as in *The doctor's diagnosis was too technical; please tell us what he meant in plain English.*"  *See* Exhibit A.

12.     The phrase "in plain English" frequently appears in the title of books.  For example, a keyword title search of the U.S. Library of Congress Online Catalog for the phrase "in plain English" results in more than 200 records.   The majority of these records are for books with the phrase "in plain English" in the title.  *See* Exhibit B.

13.     Consumers frequently encounter the phrase "in plain English" for books and do not associate the phrase with a single author.  Rather, consumers understand that a book with "in plain English" in its title explains a topic in a straightforward and clear manner.

14.     Multiple educational legal books were published with titles that include the phrase "in plain English" prior to DuBoff's alleged date of first use as recited in his registrations, including at least the following:

Sam Hamilton's *Civil Air Regulations in Plain English for All Pilots* (1957)

Winston J. Block's *Ins and Outs of Illinois Divorce Law in Plain English* (1976)

Richard Wincor's *Contracts in Plain English* (1976)

Robert Daniel Fierro's *Tax Shelters in Plain English* (1978)

William J. Augellos's *Freight Claims in Plain English* (1979)

Robert Daniel Fierro's *Tax Shelters in Plain English: New Strategies for the 1980s* (1981)

Carl Felsenfeld and Alan Siegel's *Writing Contracts in Plain English* (1981)

Joel D. Joseph and Jeffrey Hiller's *Legal Agreements in Plain English* (1982)

*See* Exhibit B.

15.    The phrases "in Plain English" and "plain English" are used frequently in book titles and sub-titles to describe content that is presented using clear, straightforward language.

16.    Amazon.com currently lists more than 40 books for sale on legal topics with either "plain English" or "in plain English" in the title or subtitle, including the following examples:

Christopher Deurkson's *Takings Law in Plain English*

Xenia Frostrick's *Pensions Law in Plain English: Pension Schemes Act 1993 & Its Regulations*

Sheldon I. London's *How to Comply with Federal Employee Laws: A Complete Guide for Employers Written in Plain English*

Jeffrey G. Marsocci's *The Simple Guide to Special Needs Estate Planning: Special Needs Estate Planning in Plain English*

Robert J. Martineau's *Legal, Legislative, and Rule Drafting in Plain English*

Barbara J. Steadman's *Drafting Legal Documents in Plain English*

Bradford White's *Procedural Due Process in Plain English*

Mark E. Wojcik's *Introduction to Legal English: An Introduction to Legal Terminology, Reasoning, and Writing in Plain English*

*See* Exhibit C (consisting of books on legal topics with either "plain English" or "in plain English" in the book title).

17.    DuBoff acknowledged the descriptiveness of the phrase "in plain English" in 1986 in connection with the prosecution of U.S. Reg. No. 1,402,649.  In response to the U.S. Patent and Trademark Office's refusal to register DuBoff's applied-for mark on the basis that it was merely descriptive and therefore unregistrable, DuBoff conceded, as he must, that "in plain English" is merely descriptive.  As he stated to the U.S. Patent and Trademark Office:

Page 9- DEFENDANTS' ANSWER AND COUNTERCLAIMS

> Here, the parenthetical expression of applicant's mark serves the purpose of identifying the source of applicant's goods and distinguishing the mark from another without the parentheses.  Admittedly, that mark without the parentheses would be merely descriptive. It is those parentheses which make the otherwise descriptive phrase arbitrary and capable of identifying the source of applicant's goods.

*See* Exhibit D (consisting of the U.S. Patent and Trademark Office's Office Action refusing registration of the (IN PLAIN ENGLISH) mark and DuBoff's response).

18.     DuBoff does not use the registered mark (IN PLAIN ENGLISH) as a trademark to identify the source of his books. Rather, the phrase is used descriptively as part of the title for his books, such as *Law (in Plain English) for Galleries*.

19.     The specimens of use that DuBoff filed in connection with his trademark applications show descriptive use of the term "(in plain English)" but do not show use of (IN PLAIN ENGLISH) as a trademark.  *See* Exhibit E (consisting of the specimens that DuBoff filed with the U.S. Patent and Trademark Office to support his trademark applications).

## COUNT I
## CANCELLATION OF REGISTRATION NO. 3,553,125

20.     The University of Chicago, LawProse and Garner incorporate paragraphs 1 through 19 as if fully set forth herein.

21.     Registration No. 3,553,125 is subject to cancellation because the phrase "in plain English" for use in connection with educational legal books is generic and therefore (IN PLAIN ENGLISH) cannot function as a trademark.

22.     Registration No. 3,553,125 is subject to cancellation because at the time of registration the mark had not acquired distinctiveness and had not obtained secondary meaning.

23.     Registration No. 3,553,125 is subject to cancellation because the mark registered without a disclaimer of DuBoff's exclusive rights to use "in plain English" apart from the mark in its entirety.

24.     Registration No. 3,553,125 is subject to cancellation because the specimens of use DuBoff submitted in connection with his trademark application were insufficient to establish that (IN PLAIN ENGLISH) functioned as a trademark for a series of books.

25.     DuBoff's inclusion of the phrase "(in plain English)" in the titles of his books is not a trademark use of the (IN PLAIN ENGLISH) mark.  Accordingly, Registration No. 3,553,125 is subject to cancellation because DuBoff has failed to use the mark as a trademark prior to its registration.

## COUNT II
## CANCELLATION OF REGISTRATION NO. 1,402,649

26.     The University of Chicago, LawProse and Garner incorporate paragraphs 1 through 25 as if fully set forth herein.

27.     Registration No. 1,402,649 is subject to cancellation because the phrase "in plain English" for use in connection with educational legal books is generic and therefore (IN PLAIN ENGLISH) cannot function as a trademark.

28.     Registration No. 1,402,649 is subject to cancellation because the mark registered without a disclaimer of DuBoff's exclusive rights to use the generic term "in plain English" apart from the mark in its entirety.

29.     Registration No. 1,402,649 is subject to cancellation because the specimens of use DuBoff submitted in connection with his trademark application were insufficient to establish that (IN PLAIN ENGLISH) functioned as a trademark for a series of books.

30.     DuBoff's inclusion of the phrase "(in plain English)" in the titles of his books is not a trademark use of the (IN PLAIN ENGLISH) mark.  Accordingly, Registration No. 1,402,649 is subject to cancellation because DuBoff has failed to use the mark as a trademark prior to its registration.

**COUNT III**
**MODIFICATION OF REGISTRATION NO. 3,553,125**

31.    The University of Chicago, LawProse and Garner incorporate paragraphs 1 through 30 as if fully set forth herein.

32.    As an alternative to cancellation, Registration No. 3,553,125 is subject to a modification requiring DuBoff to disclaim exclusive rights in the generic or highly descriptive term "in plain English" apart from the (IN PLAIN ENGLISH) mark.

**COUNT IV**
**MODIFICATION OF REGISTRATION NO. 1,402,649**

33.    The University of Chicago, LawProse and Garner incorporate paragraphs 1 through 32 as if fully set forth herein.

34.    As an alternative to cancellation, Registration No. 1,402,649 is subject to a modification requiring DuBoff to disclaim exclusive rights in the generic term "in plain English" apart from the (IN PLAIN ENGLISH) mark.

**PRAYER FOR RELIEF**

**WHEREFORE**, The University of Chicago, LawProse and Garner pray that the Court enter judgment against DuBoff granting the following relief:

A.    Cancellation of U.S. Registration No. 3,553,125;

B.    Cancellation of U.S. Registration No. 1,402,649;

C.    Modification of U.S. Registration No. 3,553,125 to enter a disclaimer of "in plain English" apart from the mark in its entirety;

D.    Modification of U.S. Registration No. 1,402,649 to enter a disclaimer of "in plain English" apart from the mark in its entirety;

E.     An award to The University of Chicago, LawProse and Garner of their costs and expenses, including reasonable attorney fees; and

F.     Any other further relief that this Court deems just.

## JURY DEMAND

Defendants and Counter-Plaintiffs The University of Chicago, LawProse and Garner hereby demand a trial by jury on all matters and issues triable by jury.


Dated this15 of April, 2013.

                                   KLARQUIST SPARKMAN, LLP

                                   s/ Klaus H. Hamm_____
                                   Klaus H. Hamm, OSB No. 091730
                                   klaus.hamm@klarquist.com
                                   KLARUQUIST SPARKMAN, LLP
                                   121 SW Salmon Street, Suite 1600
                                   Portland, OR  97204
                                   Telephone:  (503) 595-5300
                                   Facsimile:  (503) 595-5301

CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and a copy of the foregoing will be served upon counsel of record by the Court's ECF system.


s/ Klaus H. Hamm
Klaus H. Hamm
Of Attorneys for Defendants